UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

HAWK TECHNOLOGY SYSTEMS, LLC,

                Plaintiff,

v.

UNITED SUPERMARKETS, L.L.C.,

                Defendant.

Case No. 2:14-cv-185

## UNITED SUPERMARKETS, L.L.C.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant United Supermarkets, L.L.C. ("United Supermarkets"), by and through the undersigned counsel, answers the Complaint for Patent Infringement ("Complaint"), filed by Hawk Technology Systems, L.L.C. ("Plaintiff" or "Hawk") on March 5, 2014 as follows:

## RESPONSE TO COMPLAINT

United Supermarkets denies each and every allegation contained in the Complaint that is not expressly admitted below.  Any factual allegation admitted below is admitted only as to the specific admitted fact, not as to any purported conclusions, characterizations, implications, or speculations that arguably flow from any admitted fact.  United Supermarkets also denies that Hawk is entitled to any of the relief that Hawk requests

## THE PARTIES

1.      United Supermarkets lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 1 of the Complaint and, therefore, United Supermarkets denies all such allegations.

2.      United Supermarkets admits that it is a Texas Limited Liability Company and that its Registered Agent in the State of Texas is CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  United Supermarkets denies the remaining allegations of Paragraph 2 of the Complaint.

3.      United Supermarkets admits that its principal place of business is Texas and that it operates "United Supermarkets Market," "Amigos," and "Market Street" grocery stores in the State of Texas, including Market Street brand stores in this judicial district.   United Supermarkets admits that its website presently includes the following statement: "With 37 stores in 24 markets, United Supermarkets represents the core concept of the United Supermarkets family of stores."  United Supermarkets denies the remaining allegations of Paragraph 3 of the Complaint.

## NATURE OF ACTION

4.      United Supermarkets admits that Plaintiff's allegations of patent infringement arise under Title 35 of the United States Code.

## JURISDICTION AND VENUE

5.      United Supermarkets admits that Plaintiff's allegations of patent infringement fall within the Court's subject matter jurisdiction.

6.      United Supermarkets admits that it conducts business within this State and/or judicial district, but denies the remaining allegations of Paragraph 6 of the Complaint.

7.      United Supermarkets admits that it conducts business within this State and/or judicial district, but denies the remaining allegations of Paragraph 7 of the Complaint.

## THE PATENT-IN-SUIT

8.      United Supermarkets admits that U.S. Patent No. RE43,462 (the "'462 Patent") is entitled "Video Monitoring and Conferencing System," and that it states on its face that it was reissued on June 12, 2012 from United States Patent No. 5,625,410, issued on April 29, 1997. United Supermarkets admits that what appears to be a copy of the '462 Patent is attached as Exhibit A to the Complaint.  United Supermarkets denies the remaining allegations of Paragraph 8 of the Complaint.

9.      United Supermarkets lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and, therefore, United Supermarkets denies all such allegations.

10.     United Supermarkets lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 10 of the Complaint and, therefore, United Supermarkets denies all such allegations.

11.     United Supermarkets lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 11 of the Complaint and, therefore, United Supermarkets denies all such allegations.

## ALLEGED INFRINGEMENT OF THE PATENT-IN-SUIT

12.      United Supermarkets incorporates paragraph 1 through 11 by reference as if fully stated herein.

13.    Denied.

14.    Denied.

15.    United Supermarkets admits that Plaintiff served a copy of the Complaint on United Supermarkets. United Supermarkets denies all remaining allegations of paragraph 15.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

## JURY DEMAND

20.     United Supermarkets hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

United Supermarkets denies that Plaintiff is entitled to the relief requested or any other relief.  To the extent that Plaintiff avers or makes any allegation in its prayer for relief or elsewhere in its Complaint that was not specifically addressed herein, any such averment and/or allegation is denied.

## UNITED SUPERMARKETS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

United Supermarkets has not infringed and does not infringe any claim of the '462 Patent, including because the '462 Patent is expired.

### THIRD AFFIRMATIVE DEFENSE

The claims of the '462 Patent are invalid for failure to comply with the requirements of patentability under the patent laws, including, but not limited to, 35 U.S.C. § 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff, licensees, or its predecessors in interest of the '462 Patent failed to properly notify United Supermarkets of the actions alleged to infringe the '462 Patent, including but not limited to, by reason of 35 U.S.C. § 287, United Supermarkets is not liable for those allegedly infringing actions performed before receipt of actual notice of allegations that it was infringing the '462 Patent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by prosecution history estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of collateral estoppel and res judicata.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to 35 U.S.C. § 286, Plaintiff's claims are barred in whole or in part for all events occurring more than six years before the filing of this lawsuit.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded in whole or in part to the extent that any allegedly infringing products or services are supplied, directly or indirectly to United Supermarkets, by an entity or entities having an express or implied license to the '462 Patent.

## ELEVENTH AFFIRMATIVE DEFENSE

United Supermarkets is entitled to absolute and equitable intervening rights pursuant to 35 U.S.C. § 252.

## UNITED SUPERMARKETS' COUNTERCLAIMS

United Supermarkets asserts the following Counterclaims against Plaintiff/Counter-Defendant Hawk Technology Systems, LLC ("Plaintiff"):

## PARTIES

1.     United Supermarkets Inc. ("United Supermarkets") is Texas Limited Liability Company with its principal place of business at 7830 Orlando Ave., Lubbock, Texas 79493.

2.     According to Paragraph 1 of the Complaint, Plaintiff is a Florida Limited Liability Company with its principal place of business in Miami, Florida.

## JURISDICTION AND VENUE

3.     Subject to United Supermarkets' affirmative defenses and denials above, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.     Venue for these counterclaims is proper within this district under at least 28 U.S.C. § 1391.

5.     This Court has personal jurisdiction over Plaintiff because Plaintiff has submitted itself to the personal jurisdiction of this Court by commencing this action. Plaintiff has filed suit in this matter asserting infringement by United Supermarkets of the '462 Patent.  The allegations in the Complaint have created an actual and justiciable controversy between Plaintiff and United Supermarkets concerning infringement, invalidity, and enforcement of the '462 Patent.

## COUNT ONE

## DECLARATION OF NON-INFRINGEMENT OF THE '462 PATENT

6.     United Supermarkets incorporates and realleges the allegations in Paragraphs 1-5 of these counterclaims.

7.     Plaintiff has alleged that United Supermarkets has infringed the '462 Patent, and United Supermarkets has denied these allegations.

8.     United Supermarkets has not infringed, literally or under the doctrines of equivalents, any valid and enforceable claim of the '462 Patent, and is not liable for any acts of infringement of any such claim of the '462 Patent.

9.     As evidenced by Plaintiff's Complaint and United Supermarkets' Answer herein, there is an actual, substantial and continuing justiciable controversy between the parties regarding infringement of the '462 Patent.

10.    United Supermarkets is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that United Supermarkets does not infringe and has not infringed any valid claim of the '462 Patent.

## COUNT TWO

## DECLARATION OF INVALIDITY OF THE '462 PATENT

11.    United Supermarkets incorporates and realleges the allegations in Paragraphs 1-5 of these counterclaims.

12.    United Supermarkets brings this action for declaratory judgment of invalidity of the '462 Patent under the laws of the United Supermarkets States, in particular, 28 U.S.C. §§ 2201 and 2202.

13.    Plaintiff has alleged that United Supermarkets has infringed the '462 Patent, and United Supermarkets has denied these allegations.

14.    As evidenced by Plaintiff's Complaint and United Supermarkets' Answer herein, there is an actual, substantial and continuing justiciable controversy between the parties regarding whether the claims of the '462 Patent are invalid.

15.    The claims of the '462 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

16.    United Supermarkets is entitled to a declaratory judgment that the claims of the '462 Patent are invalid.

## COUNT THREE

## <u>DECLARATION OF INTERVENING RIGHTS</u>

17.    United Supermarkets incorporates and realleges the allegations in Paragraphs 1-5 of these counterclaims.

18.    As of June 12, 2012, when the '462 Patent was reissued, United Supermarkets had invested nearly six years of effort to develop the security systems within its facilities.

19.    Each of the original claims of the '462 Patent were amended during reissue.

20.    Each of the amended and new claims of the '462 Patent are not substantially identical to the claims of the patent as originally issued.

21.    United Supermarkets is entitled to absolute and equitable intervening rights pursuant to 35 U.S.C. § 252.

22.   As evidenced by Plaintiff's Complaint and United Supermarkets' Answer herein, there is an actual, substantial and continuing justiciable controversy between the parties regarding whether United Supermarkets has absolute and/or equitable intervening rights.

## PRAYER FOR RELIEF

WHEREFORE, United Supermarkets prays for the following relief:

1.   Dismissal of Plaintiff's Complaint with prejudice and entry of judgment in favor of United Supermarkets;

2.   Judgment declaring that the asserted claims of the '462 Patent have not been infringed directly, indirectly, or by equivalent by United Supermarkets;

3.   Judgment declaring that the claims of the '462 Patent are invalid and/or unenforceable;

4.   Judgment that United Supermarkets has intervening rights pursuant to 35 U.S.C. § 252 with respect to the '462 Patent;

5.   Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award to United Supermarkets of its costs and reasonable attorneys' fees, together with interest, including prejudgment interest thereon; and

6.   Such other and further relief as may be deemed just and appropriate.

## JURY DEMAND

United Supermarkets respectfully demands a trial by jury on all issues so triable.


Dated:  May 12, 2014                    Respectfully submitted

                                        By:  */s/ Trey Yarbrough*
                                        Trey Yarbrough, Texas Bar No. 22133500
                                        Debby E. Gunter, Texas Bar No. 24012752
                                        YARBROUGH WILCOX GUNTER,
                                        PLLC

100 E. Ferguson Street, Suite 1015
Tyler, Texas 75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com

Dana M. Herberholz (admitted E.D. Texas)
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID  83702
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email:  dherberholz@parsonsbehle.com

Attorneys for Defendant
United Supermarkets, L.L.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 12th day of May, 2014.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/ Trey Yarbrough*
Trey Yarbrough